J-A12016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN J. STONES | : | |
| | : | |
| Appellant | : | No. 957 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001370-2020

BEFORE: MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: MAY 20, 2022**

Adrian J. Stones (Appellant) appeals, *pro se*, from the judgment of sentence of a $25 fine, plus costs, imposed in the Allegheny County Court of Common Pleas, following his summary conviction of trespass by motor vehicle.[1] On appeal, Appellant argues: (1) his actions were insufficient to establish a violation of the summary offense; (2) the police officer who issued the citation acted outside his jurisdiction, and (3) the officer had no probable cause or reasonable suspicion to stop him. For the reasons below, we affirm.

On September 26, 2020, Appellant was issued a citation for trespass by motor vehicle. After he was found guilty in magisterial district court, Appellant filed an appeal for a trial *de novo* in the Allegheny Court of Common Pleas.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3717(a).

The trial court summarized the testimony presented at Appellant's July 21, 2021, trial *de novo* as follows:

> Officer Mark Slivka, of the North Versailles Police Department, testified that on the afternoon of September 26, 2020, he was patrolling property owned by the Norfolk Southern Railroad Company [(the Railroad)], when he saw [Appellant's box] truck drive into the railroad yard, past secured and gated areas, to an area where there are only railroad tracks and a roadway to the tracks. He issued [Appellant] a citation after learning from railroad personnel that [Appellant] was not authorized to be on the property. Special Agent Gabe Pediconi, a railroad police officer . . ., testified that only railroad-owned vehicles are permitted on railroad property, unless there is permission from a supervisor or manager, which had not been given to [Appellant]. [He further explained that because he was "quite a distance away" at the time Officer Slivka called him, he told the officer to "just cite [Appellant] for vehicle trespassing." N.T., 7/21/21, at 11-12).]
>
> [Appellant] testified that his property abuts the railroad property and is thirty yards from where he was stopped. He explained that he uses the railroad property to get in and out of South Trafford, as do many other residents, as it is the only available route for oversized trucks.

Trial Ct. Op., 12/1/21, at 1-2. At the conclusion of trial, the court found Appellant guilty and imposed a $25 fine, plus costs. *See* N.T., 7/21/21, at 24. This timely appeal follows.[2]

---

[2] On September 3, 2021, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal in compliance with the trial court's prior directive. *See* Order, 8/18/21. We note, however, that the court issued an amended order that same day, September 3rd, providing Appellant with 21 days to file a Rule 1925(b) statement "after the transcripts are filed with the Department of Court Records." Amended Order, 9/3/21 (emphasis omitted). Appellant did not file a supplemental Rule 1925(b) statement. Thus, he is bound by the claims raised in his September 3rd statement.

Appellant purports to raise five issues on appeal:

1) Did the [trial court] base its order and finding of guilt for vehicular trespass on sufficient evidence that [Appellant] knowingly operated a motor vehicle on private real property in violation of 75 Pa.C.S.A. § 3717?

2) Did the [trial court] have sufficient evidence to find Appellant guilty of vehicular trespass under 75 Pa.C.S.A. § 3717(a) where the road or pathway in dispute is a public right-of-way provided for decades by [the Railroad] and otherwise has been used as an easement by necessity by residents living in South Trafford because a Railroad Company bridge prevents deliveries by oversized trucks from entering into and out of South Trafford?

3) Did the [trial court] err in finding [Appellant] guilty even though he did not operate a motor vehicle on clearly marked, barred or secured property when he was ticketed for vehicular trespass?

4) Did North Versailles police officer, Mark Slivka, act outside his jurisdiction by ticketing Appellant for vehicular trespass?

5) Was [Appellant] subject to [an] unconstitutional search and seizure, or otherwise did the Commonwealth prosecute [Appellant] for vagrancy or other laws that have been deemed unconstitutional?

Appellant's Brief at 3-6.

Appellant's first three issues — which he addresses together in his brief — challenge the sufficiency of the evidence supporting his conviction of trespass by motor vehicle. Appellant maintains the Railroad does not dispute the fact that "the roadway in question . . . has been used by the public for decades as a public right-of-way," and Special Agent Pediconi admitted he "would not be aware of all the deeds and rights-of-way that the Railroad . . . has made with other parties[.]" Appellant's Brief at 12, 14. Moreover,

Appellants insists that Stewart Street — which provides the "only means of ingress and egress into South Trafford" — passes under a "Railway bridge" that has a 12-foot clearance. *Id.* at 12. Thus, Appellant maintains, the height clearance of the bridge "prevent[s] deliveries and other commerce to the residents and public who live or work in South Trafford." *Id.* at 13. He argues that the Railroad has permitted use of the right-of-way because it would be "very costly" to rebuild the bridge. *Id.* Appellant further emphasizes as "significant" the fact that the roadway where he was ticketed is "not secured, gated or identified as a private road" and that he "posed no threat of criminal activity." *Id.* at 14.

Our review of the sufficiency of the evidence supporting a conviction of a summary traffic offense is well-settled:

> We view [the] evidence in a light most favorable to the Commonwealth, drawing all reasonable inferences in favor of the Commonwealth. The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. Only where the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,] is a defendant entitled to relief. We do not re-weigh the evidence and substitute our judgment for that of the fact-finder. As the question of the sufficiency of the evidence is one of law, we consider the evidence *de novo*.

*Commonwealth v. Ford*, 141 A.3d 547, 552–53 (Pa. Super. 2016) (citations and quotation marks omitted).

Appellant was convicted of violating Section 3717 of the Motor Vehicle Code, which provides, in relevant part:

It is unlawful for a person to knowingly operate a motor vehicle on private real property other than a private road or driveway without consent of the owner or lessor of the real property.

75 Pa.C.S. § 3717(a). Here, there is no dispute that Appellant was operating his motor vehicle on the day in question. What he challenges, however, is the court's determination that he knowingly did so without the consent of the owner.

In rejecting Appellant's claim, the trial court emphasized that Appellant presented no documentation supporting his averment that the roadway is "titled as a right-of-way in public records[.]" Trial Ct. Op. at 2-3. Furthermore, the court found that the fact Appellant, and purportedly other South Trafford residents, regularly use the road was not a defense. *Id.* at 3. Nor did the court find significant the fact that the road contained no signage designating it as a private roadway, or any barriers blocking public access. *Id.* Indeed, the trial court concluded:

> [Appellant] did not have the consent of [the Railroad] to drive on its property. Further, he knew he was driving on railroad property, and admitted doing so regularly.

*Id.* The court found these facts sufficient to support the verdict. We agree.

Special Agent Pediconi testified that "[o]nly railroad-owned vehicles are allowed to be on railroad property unless there's permission from a supervisor or manager[.]" N.T. at 12. He testified that Appellant was not a railroad employee and had no permission to drive on the roadway. *Id.* Further, Special Agent Pediconi specifically denied Appellant's claim that the residents of South Trafford had an agreement with the Railroad to use the roadway:

[T]here are no agreements. It does not exist. It doesn't stand. That's the wishes of the community to use it as an egress. They have their own driveway to their house. The property abuts up against many properties across the three states I work in. If they choose to use it, that's their risk of getting caught. . . .

*Id.* at 23.

Appellant conceded he had no explicit agreement with the Railroad permitting him to use the roadway in question. Indeed, when asked if he had any "type of easement agreement[,]" Appellant replied, "I don't think anyone has one" and confirmed he had no "legal documents from the railroad[.]" N.T. at 18-19. Further, when confronted with the fact that he had no "agreement" with the Railroad to drive on its private roadway, Appellant simply stated, "Neither do any of the other residents of South Trafford." *Id.* at 20. Thus, Appellant rests his argument on the fact that South Trafford residents have used the roadway in the past, and not upon any consent provided by the Railroad. Accordingly, we agree with the conclusion of the trial court that the evidence established beyond a reasonable doubt that Appellant "knowingly operate[d] a motor vehicle on private real property [owned by the Railroad] without consent" of the Railroad." *See* 75 Pa.C.S. § 3717(a). Thus, his first claim fails.

Next, Appellant contends North Versailles Police Officer Slivka "acted outside his jurisdiction by ticketing [Appellant] for vehicular trespass." Appellant's Brief at 15. He maintains the trial transcript clearly demonstrates Officer Slivka was "policing on behalf of the Railway Company" when he issued the citation at the directive of Special Agent Pediconi. *Id.* at 15-16.

The trial court found this claim waived because Appellant did not raise it below. Trial Ct. Op. at 3 n.2. We agree. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Nevertheless, we note that Appellant's jurisdictional argument misses the mark. Officer Slivka testified that the railroad police — particularly Special Agent Pediconi — have the "same jurisdiction in [their] town." N.T. at 6. Appellant does not dispute the fact that the roadway is located within North Versailles Township. Rather, he asserts the officer was "policing on behalf" of the Railroad. Appellant's Brief at 15. He misconstrues the testimony. Officer Slivka explained he was patrolling the Railroad property because they "have problems" with illegal dumping in that area. N.T. at 5, 9. After observing Appellant's truck on the private roadway, he contacted Special Agent Pediconi to determine whether Appellant had permission to use the roadway. When the agent confirmed Appellant did not have such permission, Officer Slivka acted within his proper authority by citing Appellant for a summary offense that he witnessed within North Versailles Township.

Lastly, Appellant argues Officer Slivka did not have "probable cause or reasonable suspicion to detain" him. Appellant's Brief at 17. He emphasizes that the officer observed him drive his truck past the secured area, and "made no effort to determine if [the] area along the railroad tracks was subject to a right-of-way." *Id.* Moreover, Appellant insists a reasonable person would not believe he "had committed, was committing, or was about to commit a crime."

*Id.* Thus, he contends he was subject to an unlawful *Terry*[3] stop. *Id.* at 16-17.

Appellant misunderstands the law surrounding traffic stops.[4] As our Supreme Court explained in *Commonwealth v. Chase*, 960 A.2d 108 (Pa. 2008):

> The Fourth Amendment to the United States Constitution protects the people from unreasonable searches and seizures. A vehicle stop constitutes a seizure under the Fourth Amendment. The key question in determining if a seizure is constitutional under the Fourth Amendment is if it is reasonable.
>
> A warrantless seizure is presumptively unreasonable under the Fourth Amendment, subject to a few specifically established, well-delineated exceptions. One exception allows police to briefly detain individuals for an investigation, maintain the *status quo,* and if appropriate, conduct a frisk for weapons when there is reasonable suspicion that criminal activity is afoot. **The Fourth Amendment does not prevent police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if it is a minor offense.**

*Id.* at 112–13 (citations and footnote omitted).

Here, Officer Slivka testified that before he stopped Appellant's truck — which he suspected was not a Railroad-owned vehicle — he "ran the registration plates, which came back as a Trafford address." N.T. at 6. He then stopped Appellant, who was unable to provide the officer with any

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

[4] The fact that Appellant is proceeding *pro se* "confers [upon him] no special benefit[.]" *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* (citation omitted).

authority permitting him to drive on the private roadway. After confirming this information with Special Agent Pediconi, Officer Slivka properly cited Appellant for trespass by motor vehicle. Under these facts, Appellant was not subject to an unlawful search or seizure.

Thus, concluding there is no merit to any of Appellant's claims on appeal, we affirm the judgment of sentence.[5]

Judgment of sentence affirmed.

Judge Murray joins the Memorandum.

Judge Colins Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/20/2022

_____

[5] As the trial court commented at the conclusion of the trial *de novo*, Appellant's best recourse may be to "get together with the rest of the neighbors and try to work something out with the railroad" to obtain some type of "civil recourse." N.T. at 25. However, continuing to trespass without permission will result in additional fines.